O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| WILMER H. STEVENS, | ) Case No. EDCV 06-01098-MLG |
| Plaintiff, | ) MEMORANDUM OPINION AND ORDER |
| v. | ) |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

This is an action for judicial review of the Commissioner's final decision denying Plaintiff Wilmer H. Stevens's application for Supplemental Security Income Benefits ("SSI"). For the reasons set forth below, the case shall be remanded for further proceedings.

**I.   Background**

Plaintiff filed for SSI on August 1, 2001, when he was forty-nine years old, alleging that he became disabled and unable to work on August 31, 1992, due to right knee and tibia fractures, a back problem, and illiteracy. (Administrative Record ("AR") at 58, 91, 339). The Social Security Administration denied Plaintiff's application initially and

upon reconsideration. (AR at 58-69, 72-75). A *de novo* hearing was held before Administrative Law Judge F. Keith Varni ("the ALJ") on June 21, 2002, and continued to March 19, 2003. (AR at 31-53). In a decision dated March 27, 2003, the ALJ determined that Plaintiff was not disabled and not entitled to SSI.[1] (AR at 14-19). The Appeals Council denied review. (AR at 4-7).

Plaintiff sought judicial review of the ALJ's March 27, 2003 decision and on August 3, 2005, this Court remanded the case to the Commissioner. *Stevens v. Barnhart*, No. CV-03-0878-MLG (C.D. Cal. 2003); (AR at 385-98). On October 6, 2005, the Appeals Council vacated the ALJ's March 27, 2003 decision, and remanded the case to the ALJ for further proceedings.

A hearing was held before the ALJ on May 24, 2005. (AR at 473-83). In a decision dated July 11, 2006, the ALJ found that for the period beginning on March 17, 2006, Plaintiff had the residual functional capacity for only sedentary work and that a decision of disabled was required under the medical vocational guidelines. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.10; (AR at 345). For the period prior to March 17, 2006, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (AR at 345). Specifically, the ALJ found that prior to March 17, 2006: 1) Plaintiff had not engaged in substantial gainful activity since the alleged onset date; 2) Plaintiff had severe impairments consisting of congenital thoracic kypho-scoliosis and reduced cognitive function; 3) Plaintiff's impairments did not meet or medically equal any of the listed impairments in the governing

---

[1] Plaintiff filed subsequent applications for SSI on April 10, 2003, and June 30, 2005. These applications were denied at the initial and reconsideration levels. (AR at 340, 404-15).

regulations; 4) Plaintiff retained the residual functional capacity for medium exertion work, but could engage in only occasional balancing, stooping, kneeling, crouching, crawling, and climbing of ramps and stairs, and needed to avoid climbing ladders, ropes and scaffolds and concentrated exposure to extreme cold and hazardous conditions, such as machinery and heights; and 5) based on the testimony of a vocational expert, Plaintiff was able to perform his past relevant work as a drywall taper.

Plaintiff commenced this action for judicial review, contending that the ALJ erred in finding that Plaintiff was capable of performing his past relevant work as a drywall taper prior up through March 17, 2006. Plaintiff asserts that the ALJ: (1) failed to pose a complete hypothetical question to the vocational expert ("VE"); (2) failed to properly consider the opinion of the consulting psychologist; and (3) failed to properly develop the record concerning Plaintiff's mental disability. The Commissioner disagrees.

**II. Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*,

466 F.3d 880, 882 (9th Cir. 2006).  To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996).  "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ."  *Robbins*, 466 F.3d at 882.

## III. Discussion and Analysis

### A.  Hypothetical Question

Plaintiff contends that the VE's testimony, upon which the ALJ relied in his opinion, responded to a hypothetical question that did not reflect all of Plaintiff's work-related restrictions.  In particular, Plaintiff alleges that the ALJ's hypothetical question did not address Plaintiff's inability to work at heights or climb ladders, ropes and scaffolds. (AR at 342, 479-80).  Plaintiff is correct.  At the hearing, the ALJ asked the VE to consider a person who was limited to medium work.[2]  (AR at 479).  The VE responded that such a person would be capable of performing Plaintiff's past relevant work.  (AR at 479-80). However, the ALJ did not include Plaintiff's height and climbing restrictions in the hypothetical question.  (AR at 342, 449, 451); *see DeLorme v. Sullivan,* 924 F.2d 841, 850 (9th Cir. 1991)(The ALJ must pose a hypothetical to the VE that outlines all the limitations of the

---

[2] Specifically, the ALJ asked the VE to assume a person capable of lifting and carrying 25 pounds frequently and 50 pounds occasionally, sitting, standing, and walking six hours in an eight-hour workday, and performing postural activities frequently.  (AR at 479).

particular claimant). Because the ALJ's hypothetical failed to include all of Plaintiff's restrictions, the VE's testimony that Plaintiff was capable of performing his past relevant work as a drywall taper is deemed to have little evidentiary value. *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989)("Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant....")(quoting *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984)("Because neither the hypothetical nor the answer properly set forth all of the [the claimant's] impairments, the vocational expert's testimony cannot constitute substantial evidence to support the ALJ's findings").

Defendant contends that any omission in the hypothetical question was harmless error because the drywall taper job requires no more than occasional climbing, balancing, stooping, kneeling, crouching and crawling and does not expressly require climbing of ladders, ropes or scaffolds. (Joint Stipulation at 7 (citing Dictionary of Occupational Titles 842.664-010)). Defendant's argument, however, ignores Plaintiff's restriction from working at heights. (AR at 342). The drywall taper job requires work in high exposed places up to one-third of the time. Dictionary of Occupational Titles 842.664-010. In addition, the drywall taper job may require application of texturing compounds and primers to ceilings. *Id.* Presumably, a person would need to climb a scaffold or ladder to perform such work on ceilings. Thus, the ALJ's error in forming the hypothetical question was not harmless and the Step Four finding that Plaintiff can perform his past relevant work as a dry wall taper is not supported by substantial evidence.

//

Defendant further asserts that even if Plaintiff were limited to light work and precluded from performing his past relevant work, the ALJ still found that Plaintiff would be able to perform other work existing in the economy, such as hand packager, small product assembler, and bottle worker. (Joint Stipulation at 7; AR at 345, 478). Defendant's argument overlooks the fact that if Plaintiff were limited to light work, he may be considered disabled under Rule 202.09 of the Grids. Rule 202.09 applies to a claimant who is restricted to light work, who is closely approaching advanced age (50-54 years old), who is illiterate or unable to communicate in English, and who has a skilled or semi-skilled work history with no transferable skills or an unskilled work history. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.09. Here, Plaintiff turned 50 years old on December 3, 2001, and the ALJ found that Plaintiff has no transferable work skills. (AR at 345). Although Plaintiff identified illiteracy as contributing to his disability, the ALJ made no express finding that Plaintiff was literate in English. (AR at 91). Instead, the ALJ found only that Plaintiff "claims to be illiterate." (AR at 345); 20 C.F.R. § 416.964(b)(1)(defining "illiteracy" as "the inability to read or write"); *Chavez v. Department of Health and Human Svcs.*, 103 F.3d 849, 852 (9th Cir. 1996)(holding that illiteracy refers to the inability to read or write in English). Thus, the ALJ's Step Five determination that Plaintiff can perform a significant number of jobs in the national economy is not supported by substantial evidence. *See Silveira v. Apfel*, 204 F.3d 1257, n.14 (9th Cir. 2000)(explaining that the Commissioner bears the burden of

establishing Plaintiff's literacy).[3]

### IV. Conclusion

Accordingly, this case should be reversed and remanded so the ALJ can pose a complete hypothetical question to the VE. If the ALJ determines that Plaintiff was unable to perform his past relevant work prior to February 16, 2006, the ALJ shall determine whether Plaintiff was capable of performing other jobs existing in significant numbers in the local and national economy. The ALJ shall also make a specific finding as to Plaintiff's literacy in his findings.

### ORDER

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. It is **ORDERED** that this case be remanded to the Commissioner for further proceedings consistent with this opinion. **IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED:  August 7, 2007

_____
MARC L. GOLDMAN
United States Magistrate Judge

---

[3] As noted above, Plaintiff raises additional challenges to the ALJ's Decision in the Joint Stipulation. As the incomplete hypothetical question posed to the VE requires reversal, and the record is not sufficiently developed to support a determination of disability without further proceedings, the Court need not decide whether the remaining issues raised by Plaintiff would independently require reversal. However, the Court recommends that, on remand, the ALJ consider all of Plaintiff's arguments when determining the merits of his case.